IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CASSANDRA HARVEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 1:13-cv-1107 |
| BURLINGTON COAT FACTORY, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff Cassandra Harvey ("Ms. Harvey") brings this action, *pro se*, against her former employer, Burlington Coat Factory of North Carolina, LLC ("Burlington Coat Factory"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. (2013). Before the Court are Defendant's Motion to Dismiss Plaintiff's Failure to Accommodate Claim (ECF No. 17) and Defendant's Motion to File an Amended Answer (ECF No. 24). For the reasons below, the Court will grant both motions.[1]

### I.   BACKGROUND

The facts as alleged by Ms. Harvey are as follows:  Ms. Harvey worked part-time at Burlington Coat Factory for approximately six months, from November 2012 to May 2013.

---

[1] An additional motion will be denied as moot. Burlington Coat Factory filed two motions to dismiss in this case: one in response to the original complaint (ECF No. 11) and one in response to the amended complaint (ECF No. 17). Burlington Coat Factory has informed the Clerk's Office that the first motion to dismiss is moot in light of Ms. Harvey's amended complaint. Accordingly, the Court will deny that motion as moot.

Her responsibilities included walking around the store, cleaning, and placing products where they belonged. These tasks required her to walk, stand, bend, and reach, which caused her to suffer severe pain in her back and abdomen.[2] Beginning in January 2013, Burlington Coat Factory drastically reduced Ms. Harvey's hours. In March 2013, Ms. Harvey requested a position that required less walking and standing, as an accommodation for the pain in her back and abdomen. Although she was transferred to a different department, her responsibilities remained the same, and her pain worsened. This caused her to miss several days of work. In May 2013, Ms. Harvey's manager informed her she was no longer employed, due to her inability to work.

Ms. Harvey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in July 2013. (ECF No. 20-2.) The charge alleges that Ms. Harvey suffered from "numerous medical conditions," that she and other employees with medical conditions were given reduced hours, and that she was terminated for attendance issues. (Id.) In September 2013, the EEOC issued a final agency decision of no discrimination and informed Ms. Harvey of her right to sue in federal court. (ECF No. 2, at 5.) Ms. Harvey timely commenced suit in this Court in December 2013. Liberally construed,[3] her amended

---

[2] Ms. Harvey has provided a list of health issues from her online patient profile with Duke Medicine. (ECF No. 21-1, at 14.) This list reveals that she suffered from abdominal pain at least two months before she began working at Burlington Coat Factory. Additional pain-related conditions appeared on her chart during her employment, including chronic pain syndrome, low back pain, abdominal pain, and central pain syndrome. Following her termination, fibromyalgia also appeared on her chart.

[3] A court must liberally construe pleadings that are filed *pro se*, holding them to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see Butler v. Cooper, 554 F.2d 645, 647 (4th Cir. 1977).

2

complaint appears to allege disability discrimination based on reduced hours, actual or constructive discharge, and failure to accommodate. Of these possible claims, Burlington Coat Factory moves to dismiss only the failure-to-accommodate claim. It further moves to amend its answer to add an affirmative defense.

II. ANALYSIS

A. Motion to Dismiss Failure-to-Accommodate Claim

Burlington Coat Factory seeks to dismiss Ms. Harvey's failure-to-accommodate claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Ms. Harvey failed to exhaust her administrative remedies on that claim. (ECF No. 20, at 4–6.) Although the Clerk of Court informed Ms. Harvey of her right to respond (ECF No. 19), Ms. Harvey did not respond to this motion.[4]

Subject matter jurisdiction relates to the court's power to hear a case. Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). A motion under Rule 12(b)(1), which governs dismissal for lack of subject matter jurisdiction, raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." Id. at 452. The burden of establishing subject matter jurisdiction is

---

[4] Five days after Burlington Coat Factory filed its second motion to dismiss, Ms. Harvey responded to the first motion to dismiss. (ECF No. 21.) It is unclear whether Ms. Harvey was aware she was responding to the first motion or if she intended to respond to the second motion. Nevertheless, no facts or evidence demonstrating administrative exhaustion appear in her response in opposition. Ms. Harvey mentions administrative exhaustion only in asserting that "Plaintiff Failure to Accommodate Claim must not be dismissed in this Matter" and "Plaintiff has been able to exhaust and provided administrative remedies in her complaint against the Defendant." (Id. at 3.)

3

on the plaintiff. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When evaluating a Rule 12(b)(1) motion to dismiss, the court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). Once the court determines it lacks subject matter jurisdiction over a claim, it must dismiss that claim. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 301 (4th Cir. 2009).

Before a plaintiff can file a claim under the ADA in federal court, she must first exhaust administrative remedies by filing a charge with the EEOC. Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012). Failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. See Jones, 551 F.3d at 300. The exhaustion requirement gives the employer notice of the alleged violations and an opportunity to address the situation prior to litigation. Sydnor, 681 F.3d at 593. It also "respects Congress's intent 'to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" Id. (quoting Chris v. Tenet, 221 F.3d 648, 653 (4th Cir. 2000)). Consistent with these goals, the "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Id. (quoting Jones, 551 F.3d at 300). Thus, when the central factual allegations of a claim in the lawsuit involve "different time frames, actors, and discriminatory conduct" than those referenced in the EEOC charge, the plaintiff has failed to exhaust administrative remedies. Id. However, as long as the plaintiff's claims "are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she may

4

advance those claims in federal court. Id. at 594 (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). "[T]o the extent consistent with permissible rules of interpretation," the court should construe an EEOC charge "to protect the employee's rights and statutory remedies." Id. (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008)).

Here, the Court concludes that even with the benefit of liberal construction of the Amended Complaint, Ms. Harvey has failed to exhaust her administrative remedies on her failure-to-accommodate claim. Nowhere in the EEOC charge does Ms. Harvey describe her medical conditions or mention that she required, requested, or was refused accommodation. See Mayers v. Wash. Adventist Hosp, 131 F. Supp. 2d 743, 747 (D. Md. 2001) (finding "no factual predicate in the EEOC charge to support a reasonable accommodation claim" when the charge was "completely devoid of any reference to [the plaintiff's] alleged request for accommodation"), aff'd, 22 F. App'x 158 (4th Cir. 2001). Rather, the EEOC charge focuses solely on her reduced hours and termination, which are not reasonably related to the failure-to-accommodate claim asserted in this lawsuit. See Johnson v. SecTek, Inc., No. ELH-13-3798, 2015 WL 502963, at *6 (D. Md. Feb. 4, 2015) (finding that a failure-to-accommodate claim was not reasonably related to an EEOC charge of discriminatory discharge); Bennett v. Kaiser Permanente, 931 F. Supp. 2d 697, 704 (D. Md. 2013) (finding that a reasonable accommodation claim was not reasonably related to an EEOC charge of discriminatory discipline and discharge). Further, Ms. Harvey's reduced hours and termination involve different managers and discriminatory conduct than her failure-to-accommodate claim. See Jones v. Sumser Ret. Vill., 209 F.3d 851, 854 (6th Cir. 2000) (holding that an

5

accommodation claim would not grow out of an investigation of the plaintiff's termination claim because the relevant facts are "far different"); Johnson, 2015 WL 502963, at *6 (finding no exhaustion partly because the plaintiff's judicial claim may have involved different actors and time frames than those referenced in the EEOC charge). First, although the EEOC charge mentions two managers, Ms. Harvey's response in opposition indicates that a third manager was responsible for handling her accommodation request. (See ECF No. 25, at 6–7, 9.) Second, the discriminatory conduct necessary to support her failure-to-accommodate claim is and would be different from the conduct that supports her reduced hours and termination claim. See Green v. Nat'l Steel Corp., 197 F.3d 894, 898 (7th Cir. 1999) (recognizing that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA"). Because the EEOC charge is devoid of any express reference to or factual predicate for a failure-to-accommodate claim, a reasonable investigation of Ms. Harvey's EEOC charge would not likely reveal this claim or provide Burlington Coat Factory with "ample notice of the allegations against it." See Sydnor, 681 F.3d at 595.

Ms. Harvey's failure to exhaust her administrative remedies regarding her failure-to-accommodate claim deprives the Court of subject matter jurisdiction over that claim. Ms. Harvey has not presented facts or evidence to support a contrary conclusion. Since the material jurisdictional facts are not in dispute, Burlington Coat Factory is entitled to prevail as a matter of law on its Rule 12(b)(1) motion to dismiss the failure-to-accommodate claim for lack of subject matter jurisdiction.

6

### B. Motion to Amend Answer

Burlington Coat Factory seeks to amend its Answer to add an affirmative defense: that the exclusivity provision of North Carolina's Workers' Compensation Act bars any attempt by Ms. Harvey to recover workers' compensation through this lawsuit. (See ECF No. 24, at 1.) In opposing this motion, Ms. Harvey asserts that her claims should not be barred but provides no supporting argument or explanation. (See ECF No. 25, at 1.) Rather, her response in opposition reiterates and expands on the facts and argues the merits of her claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend a pleading by obtaining consent of the opposing party or leave of the court. Although the court has discretion to grant or deny leave to amend a pleading, Foman v. Davis, 371 U.S. 178, 182 (1962), "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman, 371 U.S. at 182). Undue delay is also a relevant factor, though delay alone is not a sufficient reason to deny leave. Id.

None of the circumstances that would support a denial of leave to amend is present with respect to Burlington Coat Factory's motion to amend its answer. Although the Amended Complaint does not explicitly assert a claim for workers' compensation, it alleges that Ms. Harvey's medical conditions arose during her employment and that these conditions prevented her from working. (ECF No. 16, ¶¶ 3, 18–19.) These facts, which Ms. Harvey

reiterates throughout her response in opposition (see ECF No. 25, at 3, 6, 8–9, 11) are relevant to a workers' compensation claim.  See Frost v. Salter Path Fire & Rescue, 639 S.E.2d 429, 432 (N.C. 2007) ("[T]he injury must spring from the employment in order to be compensable under the Act.").  Because the facts indicate some basis for Burlington Coat Factory to anticipate a potential workers' compensation claim as part of this lawsuit, its proposed amendment would not be futile.  See Johnson, 785 F.2d at 510 (stating that a court should deny leave on the ground of futility only "when the proposed amendment is clearly insufficient or frivolous on its face").  Further, as Burlington Coat Factory points out, this case is in the early stages of litigation.  Discovery has not yet begun, and the Court has not set a date for trial.  Allowing Burlington Coat Factory to amend its answer would not result in undue delay or prejudice to Ms. Harvey.  Finally, no bad faith is apparent in Burlington Coat Factory's request to amend its answer.  Because the Court finds no reason to deny the motion to amend—and Ms. Harvey has not presented any reasons for the Court to do so—the Court will grant Defendant's Motion to File an Amended Answer.

For the reasons above, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Failure to Accommodate Claim (ECF No. 17) is GRANTED and that Defendant's Motion

to File an Amended Answer (ECF No. 24) is GRANTED.  Plaintiff's failure-to-accommodate claim is DISMISSED WITH PREJUDICE.[5]

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is DENIED AS MOOT.

This, the 12th day of May, 2015.

/s/ Loretta C. Biggs
United States District Judge

---

[5] An EEOC charge must generally be filed within 180 days of the allegedly discriminatory conduct.  42 U.S.C. § 2000e-5(e)(1); see § 12117(a) (stating that the procedures set forth in § 2000e-5 apply to allegations of disability discrimination).  Although amendments relate back to the date of the original EEOC charge, any amendments alleging additional acts of discrimination must "relate[] to or grow[] out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b) (2015).  The time has expired for Ms. Harvey to file a new EEOC charge alleging her failure-to-accommodate claim, which does not relate to or grow out of her claims for reduced hours and termination.  Ms. Harvey's failure-to-accommodate claim is therefore time-barred and can no longer be exhausted.  Accordingly, the Court dismisses this claim with prejudice.

9